IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

| | |
|---|---|
| **RODNEY HARRELL,** | ) |
| | ) CIVIL ACTION NO. |
| Plaintiffs, | ) 1:24-cv-2303 |
| | ) |
| v. | ) |
| | ) |
| **SPRING OAKS CAPITAL, LLC,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**SPRING OAKS CAPITAL'S
ANSWER IN RESPONSE TO PLAINTIFF'S CIVIL SUMMONS
AND AFFIDAVIT OF TRUTH**

COMES NOW, Spring Oaks Capital, LLC (hereinafter, "Spring Oaks" and "Defendant"), the Defendant in the above-referenced action and files this Answer and Affirmative Defenses in response to the Plaintiff's Civil Summons and Affidavit of Truth as follows:

**SPRING OAKS' RESPONSES TO TEXT OF CIVIL SUMMONS**

Spring Oaks denies having violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* or any provision thereof.

**SPRING OAKS' RESPONSES TO PLAINTIFF'S AFFIDAVIT OF TRUTH**

1. Spring Oaks admits only that it sent correspondence to Plaintiff on or about May 5, 2022 stating, among other things, that an affiliate purchased an unpaid account owed by Plaintiff and originated by Cross River Bank in the amount of $5,238.00. To the extent that Paragraph 1 references one or more documents and misstates or misquotes said documents, Spring Oaks denies the allegations herein.

2. Spring Oaks admits only that it sent correspondence to Plaintiff in furtherance of its lawful attempts to collect an unpaid balance owed by Plaintiff. Spring Oaks denies asserting that

1

it owns the account and denies asserting that it is the current creditor. To the extent that Paragraph 2 references one or more documents and misstates or misquotes said documents, Spring Oaks denies the allegations herein.

3. The allegations set forth in Paragraph 3 of the Affidavit of Truth are denied.

4. Spring Oaks admits only that it sent properly redacted written documentation to Plaintiff validating the account referenced in Paragraph 4 of the Affidavit of Truth. To the extent that Paragraph 4 references one or more documents and misstates or misquotes said documents, Spring Oaks denies the allegations herein.

5. The allegations set forth in Paragraph 5 of the Affidavit of Truth are denied.

6. Spring Oaks admits only that Plaintiff seeks the documents referenced in Paragraph 6 of the Affidavit of Truth. Spring Oaks denies that Plaintiff is entitled to the documents he seeks and denies having violated the FDCPA in any manner.

7. In response to Paragraph 7 of the Affidavit of Truth, Spring Oaks admits that it sent appropriate and lawful correspondence to Plaintiff offering to resolve the balance for less than what is owed. To the extent that Paragraph 7 references one or more documents and misstates or misquotes said documents, Spring Oaks denies the allegations herein.

8. Spring Oaks admits only that it furnished accurate information about the account at issue to TransUnion. To the extent that Paragraph 8 references one or more documents and misstates or misquotes said documents, Spring Oaks denies the allegations herein.

9. The allegations contained in Paragraph 9 of the Affidavit of Truth are denied.

10. To the extent Spring Oaks is under any obligation to respond to Paragraph 10 of the Affidavit of Truth, Spring Oaks denies that Plaintiff has any entitlement to the documentation he is seeking,

11. To the extent Spring Oaks is under any obligation to respond to Paragraph 11 of the Affidavit of Truth, Springs Oaks denies that it has violated the FDCPA and denies that it owes any liability to Plaintiff.

12. Spring Oaks denies all remaining allegations of Plaintiff not specifically denied herein.

**AFFIRMATIVE DEFENSES**

For its Affirmative Defenses to Plaintiff's Civil Summons and Affidavit of Truth, Spring Oaks states as follows:

FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Spring Oaks upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages from the alleged conduct and/or violations of law by Spring Oaks, which Spring Oaks denies, and is not entitled to any award of damages, attorneys' fees, costs, and/or other expenses or relief.

THIRD AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, such claims are time-barred.

FOURTH AFFIRMATIVE DEFENSE

Any alleged injuries sustained by Plaintiff were caused in whole or in part by the acts or omissions of persons other than Spring Oaks, over whom Spring Oaks had no control, or by the superseding intervention of causes outside Defendant's control.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies, or otherwise.

SIXTH AFFIRMATIVE DEFENSE

Any act or omission by Spring Oaks, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Spring Oaks would have no liability pursuant to 15 U.S.C. § 1692k(c).

WHEREFORE, Spring Oaks prays that Plaintiff's Pleadings be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

This 16th day of May, 2024.                                Respectfully submitted,

                                                           BEDARD LAW GROUP, P.C.

                                                           /s/ John H. Bedard, Jr.
                                                           John H. Bedard, Jr. (TN Bar #031926)

                                                           *Attorney for Defendant,*
                                                           *Spring Oaks Capital, LLC*

Bedard Law Group, P.C.
4855 River Green Parkway, Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
E-mail: jbedard@bedardlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION**

| | |
|---|---|
| **RODNEY HARRELL,** | ) |
| | ) **CIVIL ACTION NO.** |
| **Plaintiffs,** | ) **1:24-cv-2303** |
| | ) |
| v. | ) |
| | ) |
| **SPRING OAKS CAPITAL, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, or e-mail on this the 16th day of May, 2024.

Rodney Harrell
302 Westview Drive
Union City, Tennessee 38261

/s/ John H. Bedard, Jr.
John H. Bedard, Jr. (TN Bar #031926)